PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE __Southern__ DISTRICT OF TEXAS
_____ DIVISION

United States Courts
Southern District of Texas
FILED
SEP 30 2022
Nathan Ochsner, Clerk of Court

__John Matejcik #2386888__
Plaintiff's Name and ID Number

__Pam Lychner State Jail__
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

__Wharton County 100 S. Fulton St. Wharton, TX 77488__
Defendant's Name and Address

__Wharton County Sheriff 315 E. Elm St. Wharton, TX 77488__
Defendant's Name and Address

__Wharton County DA 100 S. Fulton St. Ste. 105 Wharton TX 77488__
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $352.00 plus an administrative fee of $50.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "...if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $352.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✗ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
1. Approximate date of filing lawsuit: N/A
2. Parties to previous lawsuit:
   Plaintiff(s) N/A
   Defendant(s) N/A
3. Court: (If federal, name the district; if state, name the county.) N/A
4. Cause number: N/A
5. Name of judge to whom case was assigned: N/A
6. Disposition: (Was the case dismissed, appealed, still pending?) N/A
7. Approximate date of disposition: N/A

II. PLACE OF PRESENT CONFINEMENT: Pam Lychner State Jail

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ___ YES  X NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: John Matejcik #2386888 Pam Lychner State Jail 2350 Atascocita Road Humble, TX 77396

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Wharton County 100 S. Fulton St. Wharton, TX 77488

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Civil Rights Violation / See Attached Claim

Defendant #2: Wharton County Sheriff 315 E. Elm St Wharton, TX 77488

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Civil Rights Violation / See Attached Claim

Defendant #3: Wharton County District Attorney 100 S. Fulton St. Ste. 105 Wharton, TX 77488

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Civil Rights Violation / See Attached

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

"SEE Attached Claim"

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1. Wharton County provide Pre-trial Services with Guiding hand of Counsel at magistrate/initial bail hearing, 2. Court/Wharton County dismiss Charges Theft of Property, Engaged in Criminal Activity 3. Wharton County Grant $200,000.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

John Matejcik

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

#2386888, 1354059, Florida H00312

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ___YES  X NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A
2. Case number: N/A
3. Approximate date sanctions were imposed: N/A

4

4. Have the sanctions been lifted or otherwise satisfied? ____YES _X_NO

C. Has any court ever warned or notified you that sanctions could be imposed? ____YES _X_NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): N/A
2. Case number: N/A
3. Approximate date warning was issued: N/A

Executed on: 9-23-22
   DATE

John Matejcik #2386888
_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __23rd__ day of __September__, 20_22_.
           (Day)              (month)              (year)

John Matejcik #2386888
_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

## 1983 Civil Rights Complaint.

1) Plaintiff (John Matejcik) TDCJ #2386888 is exercising his fundamental right in safe guarding his individual freedom against arbitrary and lawless state/(Wharton County) action in violating Plaintiff (John Matejcik) right under the 6th Amendment to competant counsel along with violating his Due-Process rights guaranteed to Pre-Trial Detainees. Upon being detained and processed, it was at that time that plaintiff (John Matejcik) was subjected to pre-determined bail at his initial magistrate hearing without any access to counsel before, during, after the adversarial proceedings. Plaintiff (John Matejcik) was only made to sign for receipt of the hearing where all the hearing notices were filled out and passed to be signed in the Magistrate's presence. Law specifically states that plaintiff (John Matejcik) must be physically present for his hearing, but (Wharton County Officials) denied this fundamental right. It was at that moment that (Wharton County Officials) denied/subjected plaintiff (John Matejcik) to pre-determined bail. At no time did the Magistrate ask if plaintiff would like to be appointed counsel, and at no time was plaintiff allowed or given the opportunity to confer with competant counsel prior to the proceedings. Imprisonment cannot be imposed without the representation of counsel, because it is a Constitutional requirement.

2) It is the duty of both the State's Attorneys and Courts to conduct themselves so as to ensure that an accused (John Matejcik) receives a fair Due-Process, (Strickland v. Washington (1984)). Plaintiffs (John Matejcik) fundamental right to pre-trial liberty is explained in (United States v. Salerno, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed. 2d 697 (1987)). The Supreme Court "conceded" the "general rule" that "the government may not detain a person prior to a judgement of guilt in a criminal trial." (United States v. Salerno, 481 U.S. 749, 107 S.Ct. 2095). Thus, the 6th Amendment does more than require the State's to appoint counsel for indigent defendants. The right to counsel plays a crucial role in the adversarial/magistrate system embodied in the 6th Amendment, since access to counsels skills and knowledge is necessary to provide defendant (John Matejcik) the "ample opportunity to meet the alleged accusatory proceedings of the Magistrate/Prosecution" to which he is entitled. (Adams v. United States ex. rel. McCann, 317 U.S. 269, 275, 276, 63 S.Ct. 236, 240, 89 L.Ed. 268 (1942)). An Accused (John Matejcik) is entitled to be assisted by an attorney, whether retained or appointed, plays the role necessary to ensure fair Due-Process. (Strickland v. Washington (1984)).

3) Claim under Section 1983 against (Wharton County), a plaintiff (John Matejcik) must show that (1) an official policy (2) promulgated by the municipal policy maker (Wharton County Officials/Sheriff) and implemented by (Wharton County cities Justice of Peace/and or Magistrates), (3) was the moving force behind plaintiffs (John Matejcik) 6th Amendment violation of his Constitutional right." (Peterson v. City of Fortworth, 588 F.3d 838, 847 (5th Cir. 2009)). Liability under Section 1983 attaches to "local government unit," (Wharton County) and its government officers "whose unlawful decisions represent the 'Official Policy' of the local government unit." (Jett v. Dall. Indepen. Sch. Dist., 491 U.S. 701, 737 (1989)). (Wharton County) "Official Policy" includes any unwritten, widespread practices that are "so common

and well-settled through the county as to constitute that fairly represents municipal policy of (Wharton County)." (Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992)). 6th Amendment guarantees an accused (John Matejcik) the right to the assistance of counsel, providing in pertinent part that "in all criminal proceedings, the accused shall enjoy the right... to have the Assistance of Counsel for his defense." (U.S. CONST. amend VI). The importance of the 6th Amendments right to counsel is hardly open to debate; its inclusion in the Bill of Rights firmly establishes its significance. In determining the parameters of the right of/to counsel, the Supreme Court has held that the 6th Amendment requieres that the government (Wharton County) provide counsel for those who can't afford it at "critical stages" of criminal proceedings. (see Bell v. Cone, 535 U.S. 685, 695-96 (2002)). "Critical Stages" are those that "hold significant consequences for the accused." (Booth v. Galveston Cnty. (S.D. Tex. 2018)). Cases have defined "Critical Stages" as proceedings between an individual and agents of the State (Wharton County) - whether formal or informal, in court or out - that amount to trial-like confrontations at which counsel would help the accused in coping with legal problems or meeting (John Matejcik) adversary." (McAfee v. Thaler, 630 F.3d 383, 391 (5th Cir. 2011)). "Critical Stages" occur "where 'the accused requiered aid in coping with legal problems or assistance in meeting his adversary,' and the 'substantial rights of the accused (John Matejcik) may be affected.'" (United States v. Ash, 413 U.S. 300, 311 (1973)). The Supreme Court has found "Critical Stages" proceedings include preliminary hearing, arreignments, and plea negotiations.

As a District Court in Eastern District of Louisiana noted:
"Without representative counsel, the risk of erroneous pre-trial detention is high. Preliminary hearings can be complex and difficult to navigate for lay individuals (John Matejcik) and many, following arrest, lack access to other resources that would allow them to present their best case, considering the already established vital importance of pre-trial liberty, where assistance of counsel is of the utmost value at a bail hearing." (Caliste, 329 F. Supp. 3d at 314).



Name John Matejcik
Number 2386888
Texas Lynchner State Jail
2350 Atascocita Road
Humble, TX 77396

"Legal Mail"

Clerk
United States District Court
Southern District of Texas
Post Office Box 61010
Houston, Texas 77208

"Legal Mail"

FILED
SEP 30 2022
Nathan Ochsner, Clerk of Court